# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Paul Anthony Mathis, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | Case No: 18 C 50240 |
| | ) | |
| Sheriff Gary L. Caruana, | ) | |
| | ) | |
| *Respondent*. | ) | Judge Frederick J. Kapala |

## ORDER

Mathis' § 2254 petition for a writ of habeas corpus, construed as a § 2241 petition, is dismissed without prejudice pursuant to Rule 4. No certificate of appealability will issue. This case is closed.

## STATEMENT

      Petitioner, Paul Anthony Mathis, is a pretrial detainee in the Winnebago County Jail ("WCJ") in the custody of respondent Winnebago County Sheriff Gary L. Caruana. Mathis has five criminal cases pending in the Circuit Court for the Seventeenth Judicial Circuit, Winnebago County, Illinois. Mathis has filed a petition for a writ of habeas corpus in this court pursuant to 28 U.S.C. § 2254, which this court construes as a petition pursuant to 28 U.S.C. § 2241, which is applicable to pretrial detainees, contending that he "has been detained at the WCJ for over six years and four months . . . under an alleged charge in which petitioner was never indicted." Mathis contends that he is being held in violation of the United States Constitution because his speedy-trial rights are being violated. After careful consideration, the court concludes that the petition fails the initial review this court must conduct pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Specifically, this court must abstain from interfering with state criminal prosecutions where, as here, petitioner has not exhausted his state-court remedies and because no extraordinary circumstances are present.

      Mathis was charged on December 24, 2011, with violating the Illinois Sex Offender Registration Act and was released on bond until he was arrested on February 10, 2012, on similar charges. People v. Mathis, Nos. 11 CF 3537 & 12 CF 396. In the second of these cases, Mathis was found guilty by a jury and sentenced to ten years' imprisonment before the Illinois Appellate Court vacated his conviction and remanded for new trial holding that the trial court erred in allowing Mathis to waive his right to counsel. People v. Mathis, 2015 IL App (2d) 131158-U. Mathis is also charged with aggravated criminal sexual abuse of a victim under thirteen years of age. People v.

---

[1] Rule 1(b) of the Rules Governing Section 2254 cases in the United States District Courts gives this court the authority to apply the rules to other habeas corpus cases like the instant § 2241 petition.

Mathis, Nos. 12 CF 698.[2] That case is set for jury trial on August 13, 2018. There are also two charges of felony criminal damage to property brought against Mathis on October 14, 2015 and October 11, 2016, respectively. In all these pending cases, Mathis was found fit to stand trial on June 20, 2018, and the cases are set for a status hearing on July 27, 2018.

Section 2241 allows a pretrial detainee to bring a habeas corpus petition, but this ability is limited by the desire of federal courts not to interfere with pending state criminal prosecutions except in special circumstances. Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 489-92 (1973); Younger v. Harris, 401 U.S. 37, 43-44 (1971); Sweeney v. Bartow, 612 F.3d 571, 573 (7th Cir. 2010). Exceptional circumstances include when the pending state court proceeding is motivated by a desire to harass or is conducted in bad faith, or where the plaintiff will be irreparably harmed without immediate relief. FreeEats.com, Inc. v. Indiana, 502 F.3d 590, 596-97 (7th Cir. 2007). "Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009).

While plaintiff has been in custody at the WCJ since February 10, 2012, for over two years of that time (from October 24, 2013 to December 11, 2015) he was also serving the now-vacated prison sentence imposed in 13 CF 396. The record also shows that extended periods of delay in these cases were the result of Mathis' repeated refusals to leave the WCJ to attend court. Moreover, a great deal of the delay is attributed to mental health evaluations conducted at the request of Mathis' own counsel and subsequent fitness determinations. In any event, this is not one of the exceptional circumstances where a federal court may intervene in a state criminal prosecution because Mathis has not alleged that he has exhausted his state court remedies or alleged extraordinary circumstances. Mathis' best effort on this point is his assertion that he made an oral motion for a speedy trial in 12 CF 698 on June 18, 2012, but the docket entry for that date reflects no such motion. Even if such a motion were made, Mathis does not allege that he sought review of the denial of that motion. See Olsson, 328 F. App'x at 335 (holding dismissal on Younger abstention ground was proper where the petitioner had not exhausted his state court remedies); Tran v. Bartow, 210 F. App'x 538, 540 (7th Cir. 2006) (holding that district court properly dismissed § 2241 petition for failure to exhaust where the petitioner could have, but did not, present his claims to the Wisconsin courts by obtaining a ruling on his motion to dismiss and then seeking a discretionary appeal). Mathis also alleges that he filed a petition for writ of habeas corpus in 2013 in 12 CF 396 and that the court ignored it. However, there is no allegation or indication in the record that Mathis sought relief by seeking a writ of mandamus or other remedy from the Illinois courts.[3] Moreover, Mathis has not alleged extraordinary circumstances, such as harassment or bias, to justify this court enjoining the ongoing

---

[2]Mathis asserts that he has not been indicted in this case but the record shows otherwise. A bill of indictment was filed on April 11, 2012. Nevertheless, even if there were no indictment, its absence would not be grounds for federal habeas relief because there is no constitutional right to indictment in state court.

[3]In fact, Mathis has at least two petitions for writs of habeas corpus pending before the state court in case numbers 18 MR 395 and 18 MR 237. These petitions need to be resolved in state court before this federal district court can entertain a § 2241 petition.

state-court criminal proceeding. For the reasons stated, Mathis' § 2241 petition is dismissed without prejudice.

Date: 7/20/2018

ENTER:

_____
FREDERICK J. KAPALA

District Judge